RAYMOND SMIGIELSKI, AN INFANT, BY HIS NEXT FRIEND. PAUL SMIGIELSKI, AND PAUL SMIGIELSKI, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. PAUL NOWAK, DEFENDANT-APPELLANT, AND MARY NOWAK (FIRST NAME BEING FICTITIOUS AND UNKNOWN TO PLAINTIFFS), DEFENDANT.

Submitted October 6, 1939—Decided February 13, 1940.

236

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiffs-respondents, *James T. Kirk* and *Leo B. Wojcik*.

For the defendant-appellant, *Joseph J. Mutnick*.

The opinion of the court was delivered by

CASE, J.   This is an appeal from a judgment for the plaintiffs and against the defendant in the District Court of the First Judicial District of the county of Union.   There is an agreed state of case which recites the plaintiff's proofs as follows:

"Evidence on the part of the plaintiff was that the infant was riding along a road with his father, mother and aunt. His father noticed the defendant's tavern and decided to stop for a few drinks.   He drove to the rear of said tavern to the parking space; at the entrance of said parking space a sign exhibited which said 'Drive In.'   The car was stopped at the parking space and the father entered the tavern alone through a rear entrance from the parking space.   A few minutes later the infant plaintiff responded to a call of nature, left the car and walked towards a barn about twenty-five feet away from where the car was parked.   As he approached the barn, a chained dog jumped upon him inflicting the injuries."

The stipulation further recites that the evidence on the part of the defendants was "that the parking space was open to the customers of the tavern.   That on the barn facing the parking space was a sign which read 'Dog—Beware!' but plaintiff

denied seeing such a sign. The dog was chained to the barn and could only move eight (8) feet to the end of the chain. That the way to the barn from the parked car did not lead to any entrance of the tavern. That the barn was not used for the business or for the customers of the tavern." After plaintiffs' evidence was in, appellant moved for a nonsuit upon the grounds that the infant plaintiff (1) was not an invitee and (2) if an invitee exceeded the scope of his invitation; and at the close of the case appellant moved for a direction of verdict upon the same grounds. Both motions were denied. Exceptions to the rulings were asked and granted. The court gave judgment for the plaintiffs against the defendant-appellant, and to that ruling an exception was prayed and granted.

We have included in the foregoing references all of the contents of the agreed state of case. It is essential that this court be given, on the appeal, a specification of the determinations or directions of the District Court with respect to which the appellant is dissatisfied. Supreme Court rule 145. We have received nothing of the kind. The points argued on behalf of appellant are:

"1. Plaintiff was not invitee in accordance with Public Laws, 1933, chapter 427, page 1147.

"2. If plaintiff was invitee, he exceeded the scope of his invitation."

If it be that these are presented as the determinations complained of, we note that the objections thus stated do not, either in terms or by reference, set forth a judicial action and are not sufficient to raise a question of error on appeal before us. The mere statement of a proposition of law or of fact is of no value as a ground of appeal. *Abbe* v. *Erie Railroad Co.,* 97 *N. J. L.* 212. As the appeal is not properly before us it will be dismissed.

However, if we were to assume that the specifications of error were adequately framed to present the rulings on the motions for nonsuit and for direction of verdict, we would conclude to affirm.

Chapter 427, *Pamph. L.* 1933 (now *R. S.* 4:19-16), provides as follows:

"The owner of any dog which shall bite any person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness. A person is lawfully upon the private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this State or by the laws or postal regulations of the United States of America, or when he is on such property upon the invitation, express or implied, of the owner thereof."

It is obvious, we think, from the mere statement of the proofs and the reference to the statute that the refusal to nonsuit was proper. The dog was somewhere in the space between the barn and the tavern. We may not assume that the invitation to "drive in" meant simply to drive in and then to drive out. The invitees were obviously expected to get out of their respective vehicles and do some moving about. Doubtless the main objective of the tavern keeper in extending the invitation was to meet the convenience of his patrons, but it does not follow that the invitees were to be lawfully held to a straight line from vehicle to bar, or that those who came in the company of a patron but did not wish to avail themselves of the hospitality of the tavern should be obliged to remain seated in a vehicle while the patron was within the tavern enjoying his "few drinks."

We believe, further, that the condition of the proofs at the close of the entire case presented a factual question as to whether the infant plaintiff was an invitee or, if an invitee, exceeded the scope of his invitation.

If it be that the appeal is from the rendition of judgment as without factual support, we express our opinion that there is such support; and this court will not, on appeal, reverse the judgment of a District Court if there is evidence to support it. *Breitbart* v. *Lurich, 98 N. J. L. 556.*

The appeal will be dismissed.